IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Garrin David Smith, *a/k/a Garrett Don Smith*, | C/A No. 6:17-2105-JFA |
| Plaintiff, | |
| v. | **ORDER** |
| Officer D. Porter; Officer W. Mann; Sgt. J.F. Cole; Magistrate C.R. Garrett; Sgt. R.F. Sherbet; Rose Marie San Filippo; Cpt. J.F. Kellett; Detention Sgt. Smith; I.D. Larson; Captain Wilbanks, et al., | |
| Defendants. | |

Garrin David Smith ("Plaintiff"), a former prisoner proceeding *pro se*, filed this civil rights

action pursuant to 28 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau*

*of Narcotics*, 403 U.S. 388 (1971). Plaintiff filed this action *in forma pauperis* under 28 U.S.C. §

1915.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case

was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and

Recommendation ("Report") and opines that this action should be summarily dismissed without

prejudice. (ECF No. 18 p. 1, 14). The Report sets forth, in detail, the relevant facts and standards

---

[1] Because the complaint was filed pursuant to 28 U.S.C. §§ 1915, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 30, 2017. The Magistrate Judge required Plaintiff to file objections by November 13, 2017. (ECF No. 18). However, Plaintiff failed to file any objections to the Report.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 18). Thus, Plaintiff's Complaint is summarily dismissed without prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson Jr*

January 2, 2018                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge